**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator for the Federal National Mortgage Association and Federal Home Loan Mortgage Corporation,<br><br>Petitioner,<br>vs.<br><br>NEVADA NEW BUILDS, LLC,<br><br>Respondent. | Case No. 2:17-cv-00912-JAD-VCF<br><br>**ORDER AND REPORT AND RECOMMENDATION**<br><br>MOTION FOR SANCTIONS (ECF NO. 25) |

Before the Court is Petitioner Federal Housing Finance Agency's ("FHFA") Motion for Sanctions Against Nevada New Builds. (ECF No. 25). For the reasons stated below, FHFA's motion is granted in part. If the District Judge accepts this Report and Recommendation, FHFA's motion should be granted in full.

**BACKGROUND**

On November 21, 2016, FHFA issued a subpoena duces tecum to Nevada New Builds. (ECF No. 25 at 1). The subpoena was served on Nevada New Builds' Registered Agent on November 22, 2016. (*Id.*). Nevada New Builds did not respond to the subpoena. (*Id.*).

On March 27, 2017, FHFA filed a petition for an order enforcing the subpoena. (ECF No. 1). The petition and summons were served on Nevada New Builds on May 4, 2017. (ECF No. 10). Nevada New Builds did not respond to the petition or summons issued in this case. FHFA subsequently filed a motion for an order requiring Nevada New Builds to comply with the subpoena. (ECF No. 15). The Court ordered a hearing on the motion. (ECF No. 17). Neither Nevada New Builds nor any representing counsel appeared at the hearing. (ECF No. 23 at 5). The Clerk entered default against Nevada New Builds. (ECF

No. 21). The Court ordered Nevada New Builds to provide FHFA with certain information requested in the subpoena by September 18, 2017. (ECF No. 22 at 3). FHFA served the default and order on Nevada New Builds' registered agent on October 13, 2017. (ECF No. 25 at 7).

Nevada New Builds has failed to provide the information or in any way acknowledge the Court's order. (ECF No. 25 at 2). FHFA has sent letters to Nevada New Builds' Registered Agent and its attorney of record in other District of Nevada cases (where Nevada new Builds is currently engaged in litigation), but has not received a response. (*Id.*). On November 17, 2017, FHFA filed a motion for sanctions against Nevada New Builds, requesting that the Court "deem forfeited any objections and defenses that Respondent could have made in" this case and impose monetary sanctions. (*Id.* at 12-14). Nevada New Builds has not responded to the motion.

## DISCUSSION

Pursuant to LR IA 11-8,

> The court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who:
>
> (a) Fails to appear when required for pretrial conference, argument on motion, or trial;
>
> (b) Fails to prepare for a presentation to the court;
>
> (c) Fails to comply with these rules; or
>
> (d) Fails to comply with any order of this court.

"[A] subpoena duces tecum is itself a court order, and noncompliance may warrant contempt sanctions" if the party subject to the subpoena does not object to the subpoena within 14 days. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983); Fed. R. Civ. P. 45(d)(2)(B). If a party "fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders" such as "prohibiting the disobedient party from supporting or opposing designated claims or

2

defenses" and ordering "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2). "[A] district court has the inherent power to sanction for: (1) willful violation of a court order; or (2) bad faith." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012).

"The authority of magistrates to impose discovery sanctions is established by 28 U.S.C. § 636." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "[M]agistrates may impose prospective sanctions pursuant to Rule 37 where such sanctions are necessary to enforce compliance with a valid discovery order." *Id.* at 241. "However, if the matter is dispositive, a magistrate shall confine [him]self to entering 'a recommendation for the disposition of the matter.'" *Id.* at 240 (citing Fed. R. Civ. P. 72(b)).

The Court finds several grounds for sanctioning Nevada New Builds for its conduct in this case. Nevada New Builds has been served multiple times though its registered agent. FHFA has even reached out to an attorney currently representing Nevada New Builds in other cases in the District of Nevada. Nevada New Builds has acted willfully and in bad faith in ignoring (1) the subpoena duces tecum, (2) the petition to enforce the subpoena, (3) the Order setting a hearing on FHFA's motion to comply, and (4) the Order directing Nevada New Builds to produce documents by September 18, 2017. The Court finds it is just to sanction Nevada New Builds in the following manner:

1. Nevada New Builds is ordered to pay $25 per day for their failure to respond to the subpoena duces tecum from December 23, 2016 (the deadline to respond to the subpoena) to the date of this order, which totals $8725.

2. Nevada New Builds is ordered to pay an additional $25 per day for their failure to respond to Petition to Enforce the Subpoena (ECF No. 1) from May 25, 2017 (the deadline to respond to the Petition) to the date of this order, which totals $4900.

3. Nevada New Builds is ordered to pay an additional $100 per day for their failure to adhere to the Court's August 16, 2017 Order (ECF No. 22) from October 13, 2017 (the date Nevada New Builds was served with the Order) to the date of this order, which totals $5500.

4. This money will be paid by January 8, 2018 to the Clerk of Court and credited towards the crime victims assistance fund.

5. Nevada New Builds is ordered to pay FHFA's attorneys' fees and costs in this action to date, in an amount to be determined at the end of the case.

The Court recommends that Nevada New Builds be ordered to pay the monetary sanctions described above moving forward until it complies with the Court's August 16, 2017 Order (ECF No. 22). The Court also recommends that all of Nevada New Builds' potential objections and defenses to the Subpoena, FHFA's Petition to Enforce the Subpoena (ECF No. 1), FHFA's Motion for an Order Requiring Respondent to Comply with the Subpoena (ECF No. 15), and the August 16, 2017 Order (ECF No. 22) should be deemed forfeited.

Accordingly, and for good cause shown,

IT IS ORDERED that FHFA's Motion for Sanctions Against Nevada New Builds (ECF No. 25) is GRANTED as follows: Nevada New Builds is ordered to pay $19,125 in monetary sanctions. The check must be deposited with the Court on or before January 8, 2018. The check must be payable to Clerk, U.S. District Court, and will be credited towards the crime victims assistance fund. Nevada New Builds is also ordered to pay FHFA's attorneys' fees and costs in this action to date, in an amount to be determined at the end of the case.

IT IS RECOMMENDED that Nevada New Builds be ordered to pay the monetary sanctions described above moving forward until it complies with the Court's August 16, 2017 Order (ECF No. 22).

IT IS ALSO RECOMMENDED that all of Nevada New Builds' potential objections and defenses to the Subpoena, FHFA's Petition to Enforce the Subpoena (ECF No. 1), FHFA's Motion for an Order Requiring Respondent to Comply with the Subpoena (ECF No. 15), and the August 16, 2017 Order (ECF No. 22) should be deemed forfeited.

IT IS SO ORDERED AND RECOMMENDED.

DATED this 7th day of December, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE