# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Federal Housing Finance Agency,

    Petitioner

v.

Nevada New Builds, LLC,

    Respondent

Case No.: 2:17-cv-00912-JAD-VCF

**Order Sustaining Objections in Part, Modifying Order in Part, and Adopting Report and Recommendation in Part**

[ECF Nos. 26, 31]

    This action arises from a flood of cases involving Nevada's law allowing homeowners' associations (HOAs) a super-priority lien securing payment for up to nine months of past-due HOA fees. The law allows HOAs to enforce those liens by selling the properties at a non-judicial foreclosure sale. Nevada New Builds, LLC (NNB) purchased several HOA foreclosures. However, under federal law, lien interests owned by the Federal Housing Finance Agency (FHFA) survive HOA foreclosure sales and continue to encumber the properties. In November 2016, as part of the FHFA's litigation efforts to protect its lien interests, it issued a subpoena to NNB, requesting that it identify all of the properties it acquired by HOA foreclosure that were encumbered by FHFA liens.[1] NNB failed to respond to the subpoena, so the FHFA filed a petition to enforce the subpoena in March 2017.[2] NNB did not respond to the petition, and its counsel did not enter a notice of appearance in this case.

    On the FHFA's motion, the magistrate judge ordered the Clerk of Court to enter default against NNB for failing to appear and ordered NNB to comply with the subpoena, with some

---

[1] *See* ECF No. 1.

[2] *Id.*

1

modifications.³ The order directed NNB to respond to the subpoena by September 18, 2017,⁴ but the FHFA didn't serve that order on NNB until October 13, 2017.⁵

On November 17, 2017, the FHFA filed a motion for sanctions against NNB, informing the court that NNB still had not complied with the subpoena or appeared in this action.⁶ The magistrate judge granted that motion in part and ordered NNB to pay (1) $25 per day for failing to respond to the FHFA's initial subpoena; (2) $25 per day for failing to file a response to the FHFA's petition to enforce its subpoena; (3) $100 per day for failing to comply with the court's order requiring NNB to respond to the subpoena; and (4) the FHFA's attorneys' fees and costs throughout this action.⁷ In all, the sanctions totaled $19,125, payable to the Clerk of Court and credited to the Crime Victims Assistance fund. The magistrate judge also recommended that NNB "be ordered to pay the monetary sanctions described above moving forward until it complies with the Court's August 16, 2017 Order" and that all of NNB's potential objections and defenses to the subpoena, the FHFA's petition to enforce the subpoena, the FHFA's motion for an order requiring compliance with the subpoena, and the August 16, 2017, order be deemed forfeited.⁸

Days after the sanctions order and report and recommendation was served on NNB, NNB entered a notice of appearance and filed a response to the August 16, 2017, order complying in part with the subpoena and objections to the sanctions order and recommendation.⁹ I sustain NNB's objections in part and adopt the magistrate judge's recommendations in part. While I agree that NNB's conduct warrants sanctions, I reduce the amount of that award.

---

³ ECF Nos. 20, 22.

⁴ *Id.*

⁵ ECF No. 24.

⁶ ECF No. 25.

⁷ ECF No. 26.

⁸ *Id.* at 4.

⁹ ECF Nos. 28, 30, 31.

**Discussion**

Under 28 U.S.C. § 636 and this district's local rules, district courts review objections to a magistrate judge's *proposed findings and recommendations* de novo.[10] But they may only reconsider any pretrial *order* of a magistrate judge if it is "clearly erroneous or contrary to law."[11] The clearly erroneous standard applies to a magistrate judge's findings of fact.[12] "A finding is clearly erroneous when[,] although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[13] A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure."[14] The district judge "may affirm, reverse, or modify" the rulings and recommendations of the magistrate judge, or remand the ruling and resubmit the matter to the magistrate judge with instructions.[15]

**A. The finding that NNB's failure to comply with the subpoena was willful is not clearly erroneous or contrary to law.**

Magistrate Judge Ferenbach found that NNB "has acted willfully and in bad faith in ignoring (1) the subpoena duces tecum, (2) the petition to enforce the subpoena, (3) the Order

---

[10] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003); L.R. IB 3-1.

[11] 28 U.S.C. § 636(b)(1)(A); L.R. IB 3-2. The FHFA argues in response to NNB's objections that NNB may not object to the order portion of Judge Ferenbach's sanction order because that order is binding when issued. But this district's local rules and Ninth Circuit precedent allow a party to object to a magistrate judge's binding order if it believes that order is clearly erroneous or contrary to law. The FHFA also implies that NNB's objections are untimely. L.R. IB 3-1 and 3-2 allow objections to orders and recommendations within 14 days of service of the court's order. NNB was served with Judge Ferenbach's sanctions order and recommendations on December 15, 2017. It filed its objections on December 26, 2017, 11 days after the order was served. NNB's objections are timely.

[12] *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).

[13] *Id.* at 622 (internal quotations marks and citation omitted).

[14] *Glob. Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, No. 3:11-cv-00793, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012).

[15] L.R. I.B. 3-2; L.R. I.B. 3-1.

setting a hearing on FHFA's motion to comply, and (4) the Order directing [NNB] to produce documents by September 18, 2017."[16] He relied on the fact that the FHFA had sent numerous letters to NNB's registered agent and to its attorney of record in other cases currently pending in this district with no response for over a year.[17]

NNB objects, insisting that its failure to respond was unintentional and the result of a "miscommunication" with its counsel.[18] According to NNB manager Glenn Plantone, it is NNB's practice to forward any legal documentation directly to counsel and assume that counsel is "handling the matter."[19] But in this case, both NNB and its counsel were under the impression that the other was handling the subpoena.[20]

The magistrate judge's finding of bad faith, made without the benefit of NNB's explanation, was not clearly erroneous or contrary to law. And NNB's after-the-fact explanation that its failure to respond to the subpoena was the result of an innocent "miscommunication" does not give me a legitimate reason to set aside that finding. NNB does not argue that it or its counsel never received the original subpoena, the petition, the summons, or various orders that the FHFA sent to its registered agent.[21] Even assuming that some initial miscommunication occurred between counsel and client, it strains credulity to believe that their miscommunication continued for an entire year, while NNB was repeatedly receiving notice that its counsel was not participating in this litigation. At a minimum, NNB was willfully ignorant of the fact that it and its counsel were ignoring legally-binding subpoenas and court orders. Judge Ferenbach's finding of bad faith is thus well-supported by the record.

---

[16] ECF No. 26 at 3.

[17] *Id.* at 1–2.

[18] ECF No. 31 at 2.

[19] ECF No. 31-1 at 2.

[20] *Id.*

[21] NNB does mention that it didn't receive the order setting a hearing on the FHFA's motion to comply. ECF No. 31 at 3. But that doesn't explain why NNB didn't respond to the numerous other documents and orders that it did receive.

4

**B.  Sanctions for failing to respond to the original subpoena and the FHFA's petition are not warranted.**

While the bad-faith finding is not clearly erroneous or contrary to law, I do find that some of the sanctions ordered are unwarranted.  Given NNB's lack of participation in this action up until now, I understand Judge Ferenbach's well-reasoned decision to award the sanctions that the FHFA sought.  Now that I have the benefit of NNB's arguments on this matter, however—which were not available to Judge Ferenbach—I find it appropriate to modify the sanctions award slightly to address NNB's valid arguments against some of the sanctions.

Monetary sanctions for failing to respond to the FHFA's initial petition are unsupported by case law or the sanction generally ordered to address that failure.  NNB's failure to respond to the FHFA's initial filing is akin to the failure to file an answer or otherwise respond to a complaint.  The typical sanction in that instance is generally a clerk's default against the nonresponsive party.[22]  NNB's failure to respond has already been sanctioned by an entry of clerk's default against it,[23] so awarding monetary sanctions for each day that NNB failed to respond in addition to that sanction was overkill.

NNB also makes a valid point that sanctioning it for both (1) failing to respond to the original subpoena and (2) failing to respond to the court's August 16, 2017, order is double punishment.  Technically, NNB's time to respond to the FHFA's subpoena was extended to September 18, 2017, by the August 16, 2017, order.  To sanction NNB for the time during which it failed to respond to the FHFA's initial subpoena plus the overlapping time during which it failed to respond to the order is duplicative.  So, I modify the sanctions order to start them running from NNB's disobedience of the order, not from receipt of the initial subpoena.

---

[22] *See* Fed. R. Civ. P. 55.

[23] ECF No. 21.

## C. Sanctions for failing to respond to the August order are warranted, but were incorrectly calculated.

Judge Ferenbach's $100-per-day sanction for NNB's failure to respond to the August 16, 2017, order was an appropriate sanction in these circumstances. However, the calculation of dates under the order is slightly off because of a delay in service. Though the order directed response by September 18, 2017, the FHFA did not serve that order on NNB until nearly a month later on October 16, 2017. The sanctions were ordered from that October date, even though NNB couldn't have responded on the day it received the order. NNB should have been given a grace period to respond before being punished for its failure to do so. Because the magistrate judge gave NNB 33 days to respond to the order, it's only fair that NNB not be sanctioned for the 33 days following its receipt of the order. So, I order that NNB pay the sanction of $100 per day beginning on November 18, 2017.

Judge Ferenbach awarded sanctions to end on the date of the sanctions order but recommends that I extend that the sanctions period until NNB responded to the subpoena. NNB responded to the subpoena on December 26, 2017. So, the sanctions period runs from November 18, 2017 to December 26, 2017, for a total monetary sanction award of $3,800.[24]

## D. I adopt the unchallenged portions of the order and recommendation.

In addition to daily sanctions, the magistrate judge ordered that NNB pay the FHFA's attorneys' fees and costs in this action to the date of his order, in an amount to be determined at the end of the case. NNB does not object to that ruling, so it remains a binding order. Judge Ferenbach recommends that I order NNB to pay those fees up to NNB's compliance. I accept that recommendation and order NNB to pay the FHFA's attorneys' fees and costs in this action through December 26, 2017, in an amount to be determined at the end of the case.

---

[24] The FHFA contends that NNB's December response to Judge Ferenbach's order was insufficient because it didn't include the city and zip code for every property, as required by the order. The FHFA argues that I should continue sanctioning NNB beyond that date because of its technical noncompliance. On January 16, 2017, NNB filed a complete subpoena response. Rather than complain to this court about NNB's inadequate responses, the FHFA should have contacted NNB to meet and confer and discuss filling in any gaps. I will not extend the sanctions period due to the parties' failure to follow traditional litigation methods to address concerns over NNB's inadequate responses.

Judge Ferenbach also recommends that I deem forfeited all of NNB's potential objections and defenses to the subpoena, the FHFA's petition to enforce the subpoena, the FHFA's motion for an order requiring NNB to comply with the subpoena, and his August 16, 2017, order. I accept that recommendation, too. All of NNB's objections and defenses to the subpoena itself, if any, are deemed forfeited.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that NNB's objections to Judge Ferenbach's order **[ECF No. 31] are SUSTAINED in part and OVERRULED in part** and Judge Ferenbach's **order and report and recommendation [ECF No. 26] is AFFIRMED in part and MODIFIED in part:**

NNB must pay $3,800 in monetary sanctions for its failure to respond to the August 16, 2017, order from November 18, 2017 through December 26, 2017. The check must be deposited with the Clerk of Court on or before August 24, 2018, and made payable to "Clerk, U.S. District Court" to be credited towards the Crime Victim Assistance fund. NNB must also pay the FHFA's reasonable attorneys' fees and costs incurred in this action from the FHFA's preparation of the petition to enforce the subpoena [ECF No. 1] through December 26, 2017; that amount will be determined at the end of the case upon proper motion by the FHFA.

IT IS FURTHER ORDERED that all of NNB's potential objections and defenses to the subpoena, the FHFA's petition to enforce the subpoena [ECF No. 1], the FHFA's motion for an order requiring NNB to comply with the subpoena [ECF No. 15], and the August 16, 2017 order [ECF No. 22] are deemed forfeited.

Dated: August 9, 2018

_____
U.S. District Judge Jennifer A. Dorsey